

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00391-CR

**EARNEST UTLEY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 27683**

## MEMORANDUM OPINION

Appellant, Earnest Utley, was charged by indictment with murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). Appellant pleaded "not guilty" to the charged offense, and this matter proceeded to trial.

At the conclusion of the trial, the jury found appellant guilty of murder and sentenced him to seventy-five years' incarceration in the Institutional Division of the

Texas Department of Criminal Justice. Thereafter, the trial court certified appellant's right of appeal, and this appeal followed.

## I.   *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed him of his right to file a

pro se response.[1]  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and appellant has not filed a pro se response.[2]  *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] In his letter to appellant, appellate counsel indicated the following:

I received notice from the Tenth Court of Appeals that you have requested a copy of the appeal record from your Walker County case.  I have enclosed a copy of that record which consist[s] of the clerk's record which has all the documents filed with the clerk, and the six volumes of the reporter's record.  The first three volumes are bound together with a colored page between each volume to make them easier to find.  Volume 6 has the exhibits which were documents.  It identifies but does not contain videos and photographs.  The subject of each photograph is described in the testimony and the index at the front of volume 6 tells you where to look for that testimony.  This is a copy for your use.  You do not need to return it.  You have already received the brief and motion previously filed.

By this letter I am informing the Court of Appeals and the attorney for the State the record is being provided to you.  The Court has determined that the deadline to file the response will be 30 days after you get this record.  I will keep you informed of any events in the appeal if a notice is not sent directly to you.

Furthermore, we granted appellant multiple motions for extension of time to file his pro se response; however, appellant failed to file a pro se response.  Therefore, given the above, we have fair assurance that appellate counsel has complied with the Court of Criminal Appeals's decision in *Kelly v. State*.  *See* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in this case. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4;

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of

*see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex.

Crim. App. 2006).


                                 JOHN E. NEILL
                                 Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CRPM]



---

Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.